**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Roger LAW, Defendant—Appellant.**

No. 01–30401.

D.C. No. CR–01–00027–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Nov. 21, 2002.

Before TROTT, T.G. NELSON, and THOMAS, Circuit Judges.

## MEMORANDUM *

Roger Law appeals the district court's denial of his motion to suppress, the district court's denial of his motions for judgment of acquittal, and the district court's imposition of a life sentence in violation of the Eighth Amendment. Because the facts are known to the parties, we do not recite them here. We affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I. Denial of Motion to Suppress Butte County Evidence

Law argues that the district court erred[1] in refusing to suppress the evidence seized from his vehicle in Butte County, Idaho. Collins testified that he smelled marijuana in Law's vehicle. The district court found his testimony credible. Although the earlier suspicious circumstances may not have risen to the level of probable cause, the officers had probable cause to search after Collins smelled marijuana.[2] The district court's credibility determination was proper and was certainly not clearly erroneous. Thus, the district court's refusal to suppress the evidence was appropriate.

## II. Denial of Motion to Suppress Chubbuck Evidence

■ Law contends that the district court erred in refusing to suppress the evidence seized as a result of the stop in Chubbuck, Idaho. Even assuming that the stop was not a consensual encounter and a reasonable person in Law's circumstances would not have felt free to leave,[3] the brief time that the officers detained Law to complete the canine sweep did not transform the investigatory stop into a de facto arrest.[4]

■ The officers involved in the investigation of Law had reasonable suspicion that Law was involved in criminal activity; therefore, they could conduct an investigatory stop to dispel their suspicions.[5] Officers told Law that the canine sweep would take only a minute and then he could be on his way. Even including Law's attempt to distract the dog, the total time of the sweep was about two minutes. There were only two officers and one police dog present. The only force that the officers used was an instruction to Law to remain in the car during the canine sweep. A reasonable person in Law's circumstances would not have believed himself to be under arrest.[6] Because the officers had reasonable suspicion to support the investigatory stop, and because it did not rise to the level of an arrest, the district court properly refused to suppress the evidence seized from the vehicle.

## III. Denial of Motions for Judgment of Acquittal

■ Viewing the evidence in the light most favorable to the Government, we conclude that a rational jury could have found that Law possessed more than fifty grams of methamphetamine with the intent to distribute it.[7] The evidence at trial

---

1. We review the district court's denial of a motion to suppress de novo and its factual findings for clear error. United States v. Jones, 286 F.3d 1146, 1150 (9th Cir.2002).

2. See United States v. Johns, 469 U.S. 478, 482, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985).

3. See United States v. Chavez–Valenzuela, 268 F.3d 719, 724 (9th Cir.2001) (stating test for consensual encounters), amended by 279 F.3d 1062 (9th Cir.2002).

4. See United States v. Taylor, 934 F.2d 218, 220 (9th Cir.1991) (holding that brief extension of stop to complete canine sweep does not violate Fourth Amendment); see also United States v. Lingenfelter, 997 F.2d 632, 639 (9th Cir.1993) (concluding that police do not even need reasonable suspicion to conduct a canine sweep).

5. See United States v. Sutton, 794 F.2d 1415, 1426 (9th Cir.1986).

6. See United States v. Robertson, 833 F.2d 777, 780–81 (9th Cir.1987) (describing the factors courts use for determining whether a reasonable person would believe himself to be under arrest).

7. See United States v. Carranza, 289 F.3d 634, 641–42 (9th Cir.2002). We review a district court's denial of a motion for judgment of acquittal de novo. Id. at 641.

showed that Law was an average methamphetamine user, not a heavy user. Even using Law's assumptions about quantity based upon the low end of the quantity range, a rational jury could have concluded that Law was carrying only a ten-day supply for his own use. Therefore, the district court properly allowed this case to go to the jury.

## IV. Law's Eighth Amendment Claim

■ Law argues that we should apply *Andrade v. Attorney General of the State of California*,[8] rather than *Harmelin v. Michigan*,[9] to his case. We conclude that, even under the *Andrade* standard, the district court properly imposed a life sentence. Law's sentence, although harsh, does not raise an inference of disproportionality sufficient, under *Andrade*, to trigger application of *Solem v. Helm's*[10] three-part test.[11] Law was convicted of a serious drug offense that the Supreme Court has characterized as violent,[12] and he has prior felony drug convictions.[13] Thus, Law's case differs substantially from *Andrade* and even under *Andrade*'s test, it fails. The district court properly imposed the mandatory life sentence without possibility of parole pursuant to 18 U.S.C. § 841.

AFFIRMED.

---

8. 270 F.3d 743 (9th Cir.2001), *cert. granted sub nom., Lockyer v. Andrade*, — U.S. —, 122 S.Ct. 1434, 152 L.Ed.2d 379 (2002).

9. 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).

10. 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

11. *Andrade*, 270 F.3d at 753–58. The *Solem* test evaluated the gravity of the offense and the harshness of the penalty, the sentences imposed upon other criminals in the same jurisdiction, and the sentences imposed for the same crime in other jurisdictions. *Solem*, 463 U.S. at 292.

12. *Harmelin*, 501 U.S. at 1002–04 (Kennedy, J., concurring) (concluding that possession of a large quantity of drugs with the intent to distribute them was "as serious and violent as the crime of felony murder without specific intent to kill").

13. *Cf. Andrade*, 270 F.3d at 746, 761 (basing holding on fact that defendant's crime was stealing videotapes worth approximately $150 and his prior convictions were for non-violent burglaries); *see also United States v. Van Winrow*, 951 F.2d 1069, 1071 (9th Cir.1991) (upholding similar life sentence under same statute pursuant to *Harmelin* when defendant was convicted of possession of 151.9 grams of cocaine and had three prior felony drug convictions).